| | | |
|---|---|---|
| **ALANA VALERIE SHELDON** | * | IN THE CIRCUIT COURT |
| 8560 Second Ave., #1207 | | |
| Silver Spring, MD 20910 | * | FOR |
| *Plaintiff* | * | MONTGOMERY COUNTY, MARYLAND |
| v. | * | |
| **TRANS UNION, LLC** | * | |
| 1013 Centre Road | | Case #: 289343-V |
| Wilmington, DE 19805 | * | |
| | | Filed 11/29/07 |
| Agent: CSC-Lawyers Incorporating | * | |
| Services Company | | |
| 7 St. Paul Street, Suite 1660 | | PJM08CV 057 |
| Baltimore, MD 21202 | * | |
| *Defendant* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND JURY TRIAL DEMAND

### *Preliminary Statement*

This suit concerns the failures of Trans Union, LLC (TU), a national credit reporting agency (CRA) to ensure maximum possible accuracy, report accurate information, conduct a reasonable reinvestigation into Plaintiff's credit disputes, to remove incorrect information from Plaintiff's credit report, and for refusing to accept information from Plaintiff during her dispute of a judgment being reported against Plaintiff by Trans Union when there never was any judgment to report.

Plaintiff Alana Valerie Sheldon seeks recovery of actual damages, statutory damages, costs and attorneys fees from Defendant for violations of the Fair Debt Collection Practices Act, (FDCPA),15 U.S.C. § 1692, the Maryland Consumer Debt Collection Act (MCDCA), Maryland Commercial Law Article (CL) § 14-202, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, and the Maryland Consumer Credit Reporting Agencies Article, CL §§ 14-1201 to1214.

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 15 U.S.C. § 1692k(d) (FDCPA) and 15 U.S.C. § 1681p (FCRA).

2. Venue is proper in this Court because the suit is based on Defendant's acts that took place in the County, including letters sent to Plaintiff by Defendant into this County, and Defendant's regular business activities in this County.

## PARTIES

3. Plaintiff, Alana Valerie Sheldon (Sheldon) is an individual who lived at all times relevant to this suit at in Silver Spring, MD 20910 in Montgomery County, Maryland.

4. Defendant Trans Union, LLC (TU) is a national credit reporting agencies (CRA).

## FACTS ALLEGED

### Trans Union's inaccurate reporting of non-existent Judgment on Plaintiff's credit report

5. During 2006, TU started reporting false and inaccurate information on Plaintiff's TU credit report, specifically, TU reported on the Public Records section of the report that a Judgment had been entered in favor of May Department Stores for $1,875 in the Arlington, VA District Court in Docket #00300631600, and also reported inaccurately that the Judgment had been paid by Plaintiff on August 2005.

6. A Judgment was never entered against Plaintiff in the District Court in Virginia.

7. The reporting by TU that a Judgment had been entered against Plaintiff was inaccurate and not objectively true.

8. The reporting by TU that a Judgment had been paid by Plaintiff was inaccurate and not objectively true.

9. Reporting a judgment on a person's credit report is adverse to the person's credit score.

10. TU knew that reporting a judgment on a credit report is adverse to the person's credit score.

11. TU knew that reporting a judgment on a credit report is actually damaging to the person's credit score.

### Plaintiff's Disputes to TU

12. In late May or early June of 2007 Plaintiff started disputing the false and inaccurate non-existent Judgment to Trans Union.

13. On June 7, 2006 TU sent Plaintiff a letter identified with TU File Number 156762346 regarding Plaintiff's dispute of the Judgment.

14. TU failed to correct the inaccurate information TU was reporting about the Judgment.

15. Plaintiff disputed the Judgment again during the Summer of 2007.

16. On October 10, 2006 TU sent Plaintiff a letter which stated in relevant part:

> "Our records show that your creditor(s) previously verified as accurate the items that are listed below. Therefore, under the Fair Credit Reporting Act, **we consider this dispute frivolous and we will not reinvestigate** the item(s) unless you can provide court papers or a recent, authentic letter from the creditor(s) that explains what information should be updated."

17. TU's October 10, 2006 letter to Plaintiff identified as the creditor or furnisher responsible for providing the information in Plaintiff's dispute over the non-existent Judgment as:

> ARLINGTON DISTRICT COURT
> DOCKET # 00300631600
> 1425 N COURTHOUSE
> RM 2500
> ARLINGTON, VA 22201
> (703) 228-7900

18. The District Court in Arlington, VA is not a 'creditor' or 'furnisher' within the meaning of the FCRA.

19. The District Court in Arlington, VA does not communicate credit information to TU's credit reporting system.

20. Plaintiff's disputes to TU regarding the Judgment were not frivolous.

21. On October 25, 2006 Plaintiff sent TU a letter disputing the inaccurate reporting of the non-existent Judgment, including in the letter the additional information for TU that she had spoken with the Court clerk who confirmed the that the information TU was reporting about the Judgment was not correct, that the Arlington District Court dismissed the case filed against Plaintiff, that Plaintiff had signed proof and a copy of the Dismissal notice signed by the judge, and that no judgment was ever entered.

22. Plaintiff's October 25, 2006 letter also pointed out that Plaintiff might sue TU for failing to use reasonable measures to insure the accuracy of her credit reports, and reiterated her request to investigate her dispute.

23. On October 30, 2006 TU sent Plaintiff a letter in response to her Oct. 25 dispute letter, stating: "We are unable to accept the documentation you sent. However, Trans Union will contact the source of the disputed information to advise them of your dispute."

24. TU never contacted the District Court in Arlington, VA.

25. TU's statement that TU was "unable to accept the documentation you sent" was false.

26. TU not only could accept, but was required to accept, the dispute documentation, and then to investigate or re-investigate the information contained in the documentation.

27. TU failed to provide the Plaintiff's with the identity of who or whatever was the source of the disputed information.

28. The Arlington District Court could not be TU's source of the non-existent judgment.

4

29. On November 27, 2006 Plaintiff sent TU another letter, again disputing the inaccurate reporting of the non-existent judgment, pointing out to TU that Sandy, one of the Clerks at the Arlington District Court, confirmed that TU had never contacted the Court to discuss the issue, and also that Plaintiff had filed a complaint with the FTC.

30. On January 7, 2007 TU sent Plaintiff another letter stating its investigation of Plaintiff's dispute "is now complete" and that its "Investigation Results" for the non-existent Judgment included "New Information" in an accompanying copy of an updated copy of Plaintiff's credit report also dated January 7, 2007.

31. There was in fact no "New Information" in Plaintiff's January 7, 2007 TU credit report, as the Public Records section reported the same false, inaccurate, adverse and damaging information that a $1,875 Judgment in VA had been entered against and paid by Plaintiff.

32. On January 19, 2007 TU prepared another credit report for Plaintiff, which continued to have reported in the Public Records section the same false, inaccurate, adverse and damaging information that a $1,875 Judgment in VA had been entered against and paid by Plaintiff.

33. On January 30, 2007 TU prepared another credit report for Plaintiff, which continued to have reported in the Public Records section the same false, inaccurate, adverse and damaging information that a $1,875 Judgment in VA had been entered against and paid by Plaintiff.

34. On February 27, 2007, Plaintiff contacted TU through her attorney, who wrote TU a letter that day demanding that the non-existent Judgment be removed from Plaintiff's credit report and that a suit would be filed if it was not removed promptly.

35. Until March 2, 2007 TU continued to report in the Public Records section of Plaintiff's TU credit report the same false, inaccurate, adverse and damaging information that a $1,875

Judgment in VA had been entered against and paid by Plaintiff.

36. On or about March 2, 2007 TU finally deleted the non-existent Judgment from Plaintiff's credit report.

37. TU only deleted the non-existent Judgment because of Plaintiff's counsel's letter to TU and the threat of an impending lawsuit.

38. Plaintiff asserts that TU did not provide the Arlington District Court with the information Plaintiff provided to TU as part of any of her disputes.

39. Since there never was any Judgment against Plaintiff, TU could never verify the information, or reach the conclusion that the reporting of the Judgment information was accurate.

### Trans Union (TU) Knowledge

40. TU knows that the reporting of information about judgments is adverse to a consumer when that information is included in the consumer's credit report.

41. TUs know that information about judgments can be especially damaging to a consumer when that information is included in the consumer's credit report.

42. TU knows that information about judgments will generally lower a consumer's credit score when that information is included in the consumer's credit report.

### Trans Union failure to investigate and reinvestigate

43. TU did not reasonably investigate Plaintiff's disputes concerning the Judgment.

44. TU in fact did no investigation regarding Plaintiff's disputes concerning the Judgment.

45. TU never did its own independent investigation of the Judgment.

46. All TU would have had to do was call the 703-228-7900 number of the Arlington District Court, the same number TU was reporting on Plaintiff's credit report, and confirmed that in

fact, there was no Judgment against Plaintiff.

47. TU failed to call 703-228-7900 at any time as part of or during Plaintiff's dispute.

48. Calling 703-228-7900 would have required minimal effort by TU.

49. Calling 703-228-7900 would have required minimal effort in contrast to the damage or potential damage to Plaintiff by the continued reporting of a false and inaccurate Judgment.

50. Calling 703-228-7900 would have required less by TU than the effort TU eventually and actually took to process the repeated disputes by Plaintiff which were necessitated by TU's failure to properly do a reasonable dispute investigation.

51. TU was required to do a reasonable reinvestigation about consumer disputes related to judgments, regardless of whether, as the case here, the judgment information was false and inaccurate, or whether it had actually been accurate Judgment information.

52. On information and belief, Plaintiff alleges the procedures used by TU for the reinvestigation regarding Plaintiff is typical of the procedure used in other disputes regarding judgments.

53. Plaintiff did not have the problems with the non-existent Judgment being reported on her other credit reports prepared by the other major national CRAs, Experian and Equifax.

54. The added and particular adverse impact that a judgment can have imposes a high duty of care which TU must apply in its reasonable procedures to ensure accurate information on credit reports TU prepares, and also when TU conducts a reinvestigation of that information during a consumer dispute.

55. Defendant's conduct is outrageous and willful and malicious towards Plaintiff.

### Additional allegations

56. Defendant's actions are part of a pattern of illegal and abusive credit reporting practices.

57. TU has been sued for repeatedly for failures of its credit reporting procedures, and is aware of their defects, but refuses to correct them, because it believes it will cost more money.

58. TU and its employees failed to undertake a reasonable investigation into the disputes Plaintiff made concerning the non-existent Judgment, and on information and belief, did no independent or separate or reasonable investigation at all, as part of a longstanding business pattern and practice, despite multiple complaints, lawsuits, and government enforcement actions complaining about this process and its limitations and tendency to result in both harm to consumers and violations of the FCRA and other laws.

59. Defendant failed to exercise a duty of reasonable care towards Plaintiff, which was a proximate cause of the damages to Plaintiff, who was not contributorily negligent.

60. Defendant owed a duty to conform to a standard of care toward Plaintiff's expectation to not be defamed or have false information reported, breached its duty of care towards Plaintiff, and this breach was the proximate cause of actual legal damage suffered by Plaintiff.

61. Defendant did not maintain reasonable procedures to comply with the violations alleged.

### Damages

62. As a result of Defendant's actions, Plaintiff suffered damages, including mental and/or emotional stress and confusion, having to spend time contacting and writing letters to defendant and/or government entities to resolve the issue, doing legal or other research, having to make disputes and to request, obtain and gather credit reports and other documents in order to try to get the Defendants' inaccurate and damaging information removed from the credit reports, loss of credit opportunity, having to consult with an attorney and incurring actual or potential legal fees, and out of pocket expenses for copying of documents for the

attorney, and statutory damages.

63. Plaintiff incorporates herein in full the above allegations for the following Counts.

### COUNTS 1-3 - Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (FCRA)

64. **Count 1.** Trans Union negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the credit report relates.

65. **Count 2.** Trans Union negligently and/or willfully violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is accurate or inaccurate, and also violated § 1681i(a)(2) by failing to "promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer."

66. **Count 3.** Trans Union negligently and/or willfully violated 15 U.S.C. § 1681i(a)(5) by failing to promptly delete the item of information disputed by the consumer from the consumer's credit file.

67. Pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

68. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the

consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) $1,000 for obtaining a consumer report under false pretenses or knowingly without a permissible purpose; (iii) such amount of punitive damages as the court may allow; and (iv) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorney's fees.

### COUNTS 4-6 - Violation of the Maryland "FCRA"

69. **Count 4.** Trans Union violated CL § 14-1205(b) by failing to follow in its preparation of a consumer report the reasonable procedures to assure maximum possible accuracy of the information concerning the individual about who the report relates.

70. **Count 5.** Trans Union violated CL § 14-1208(a)(1) by failing to perform the required reinvestigation when Plaintiff disputed the Account.

71. **Count 6.** Trans Union willfully violated CL § 14-1208(a)(2) by failing to delete within 7 business days the Judgment information from Plaintiff's credit report or file.

### COUNT 7 - NEGLIGENCE

72. Defendant owed a duty or duties of reasonable care to Plaintiff.

73. Defendant failed to use reasonable care in the collection, gathering, dissemination, preparation, or publication of consumer credit data or information on consumer credit reports or in consumer files, in preparing and publication of each subsequent reporting and re-reporting, the handling and reinvestigation of information or data about Plaintiff, all made the subject of this suit, and which consequently caused damage to Plaintiff.

### COUNT 8 - DEFAMATION

74. Defendant recklessly, maliciously and/or intentionally, published and disseminated false and

inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

75. Defendant's publishing of such false and inaccurate information, and handling of the disputes, has damaged the personal and consumer reputation of Plaintiff and caused humiliation, emotional distress and mental anguish and frustration to Plaintiff.

76. Defendant was notified of inaccuracies by Plaintiff but continued to issue and/or publish credit report(s) to third parties which contained inaccurate information about Plaintiff.

77. Defendant has with willful intent to injure and/or maliciously, defamed the Plaintiff.

## RELIEF SOUGHT

Plaintiff incorporates all previous paragraphs as if fully stated herein, and demands:

## FCRA

### Negligent FCRA Violations

88. Pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

89. Defendant is liable to Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of said failure and (ii) the costs of this action together with reasonable attorneys' fees.

### Willful FCRA Violations

90. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) $1,000 for obtaining a consumer report under false pretenses or knowingly without a permissible purpose; (iii) such amount of punitive damages as the court may allow; and (iv) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorney's fees.

91. For Defendant's willful failure to comply with the FCRA, Defendant is liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result

of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) $1,000 for obtaining a consumer report under false pretenses or knowingly without a permissible purpose; (iii) such amount of punitive damages as the court may allow; and (iv) the costs of this action together with reasonable attorneys' fees.

### Maryland FCRA

92. Per Maryland CL Art. § 14-1213(a) (willful violations) and/or (b) (negligent violations), Plaintiff seeks actual damages, punitive damages, costs and reasonable attorneys fees.

93. **Negligence**: Plaintiff seeks actual damages against defendant.

94. **Defamation**: Plaintiff seeks actual and punitive damages against defendant.

95. **Injunctive and declaratory relief**: Plaintiff seeks injunctive and declaratory relief against Defendant's illegal practices, including but not limited to, Defendant's systematic business practices of failing to reasonably investigate consumer disputes, TU's failure to forward information or documents provided by a consumer to the source of the disputed credit information, and TU's telling consumers it will refuse to accept or consider documents during consumer credit reporting disputes.

WHEREFORE Plaintiff seeks actual, statutory and punitive damages in excess of $25,000, plus costs and attorneys fees, declaratory and injunctive relief, and for such other appropriate relief.

### REQUEST FOR JURY TRIAL

The Plaintiff requests a jury trial for all such issues triable to a jury.

Respectfully Submitted,

Michael C. Worsham, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192; Fax: (410) 510-1870

*Attorney for Plaintiff*

November 23, 2007